1:16-cv-407

2/19/2016 4:48:35 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-000746**
**Kirby Hernandez**

CAUSE NO. <u>D-1-GN-16-000746</u>

| | | |
|---|---|---|
| **CONTINENTAL HOMES OF TEXAS, L.P.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MID-CONTINENT CASUALTY COMPANY,** | § | |
| **ESSEX INSURANCE COMPANY,** | § | **353rd**  **JUDICIAL DISTRICT** |
| **EVANSTON INSURANCE COMPANY, and** | § | |
| **SCOTTSDALE INSURANCE COMPANY,** | § | |
| **Defendants.** | § | |
| | § | |
| | § | **TRAVIS COUNTY, TEXAS** |

1:16-cv-407

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

COMES NOW, Plaintiff Continental Homes of Texas, L.P., and files Plaintiff's Original

Petition and Request for Disclosures, and in support thereof would show the following:

### I.
### DISCOVERY CONTROL PLAN

1.     Pursuant to Texas Rules of Civil Procedure 190.1 and 190.4, Plaintiff requests that this

lawsuit be designated as a Level 3 case in accordance with a discovery control plan tailored to

the circumstances of this specific lawsuit.

### II.
### PARTIES

**A.     Plaintiff**

2.     Continental Homes of Texas, L.P. ("Continental Homes") is a Texas limited partnership

with its principal place of business in Texas.




EXHIBIT
_A_

tabbies

---

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES                    PAGE 1

1

**B.   Defendants**

3.      Mid-Continent Casualty Company ("Mid-Continent") is an Ohio corporation with its principal place of business in Oklahoma.   Mid-Continent is an insurance company eligible to write insurance policies in the state of Texas and is engaged in the business of insurance in Texas.  Mid-Continent may be served with process by serving it registered agent, Margaret A. Bounds at 3100 South Gessner Road, Suite 600, Houston, Texas 77063-3767.

4.      Essex Insurance Company ("Essex") is a Delaware corporation with its principal place of business in Virginia. Essex is a surplus lines insurance company eligible to write insurance policies in the state of Texas and is engaged in the business of insurance in Texas. Essex has no registered agent in the State of Texas and can therefore be served with process by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas, 78701 and the Commissioner can then forward process to 4521 Highwoods Parkway, Glen Allen, VA 23060-6148.

5.      Evanston Insurance Company ("Evanston") is an Illinois corporation with its principal place of business in Illinois. Evanston is a surplus lines insurance company eligible to write insurance policies in the state of Texas and is engaged in the business of insurance in Texas. Evanston has no registered agent in the State of Texas and can therefore be served with process by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701 and the Commissioner can then forward process to 10  Parkway North, Deerfield, IL 60015.

6.      Scottsdale Insurance Company ("Scottsdale") is an Ohio corporation with its principal place of business in Arizona. Scottsdale is an insurance company eligible to write insurance policies in the state of Texas and is engaged in the business of insurance in Texas. Scottsdale has no registered agent in the State of Texas and can therefore be served with process by serving the

Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas, 78701 and the Commissioner can then forward process to 8877 N. Gainey Center Drive, Scottsdale, AZ 85258.

### III.
### VENUE AND JURISDICTION

7.     The Court has jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of this Court. Venue is proper in Travis County, Texas because all or a substantial part of the events giving rise to this insurance dispute occurred in Travis County, Texas. *See* TEX.CIV.PRAC. & REM.CODE §15.002(a)(1).

### IV.
### BACKGROUND FACTS

**A.     Overview**

8.     This insurance coverage lawsuit arises out of an underlying residential construction defect lawsuit against Continental Homes and several of its subcontractors who allegedly performed defective work in connection with one of Continental Homes' condominium complexes in the Austin, Texas area. Pursuant to their contracts with Continental Homes, the subcontractors added Continental Homes as an additional insured to their general liability policies for any liability Continental Homes may incur arising out of the subcontractors' work. On information and belief, the four (4) Defendants named herein are insurance carriers that issued in excess of twenty (20) policies to the subcontractors during the period in question, and each policy affords additional insured coverage to Continental Homes for the underlying construction defect lawsuit. Despite timely requests that these carriers acknowledge Continental Homes' additional insured status and provide both a defense and indemnity in connection with the underlying litigation, all have failed to afford Continental Homes the coverage bargained for and owed under the respective policies, necessitating the filing of this lawsuit.

**B.    Cat Hollow Project and the Subcontractors**

9.     Continental Homes developed a condominium complex in the Austin, Texas area called Cat Hollow Community ("Cat Hollow Project").

10.     Continental Homes retained various subcontractors to perform all of the construction on the Cat Hollow Project. Each subcontractor, pursuant to the terms of the subcontract governing its work for Continental Homes, purchased general liability insurance policies naming Continental Homes as an additional insured on those policies for liability arising out of the subcontractor's work. The policies for the subcontractors that performed the work at issue in the underlying construction defect suit are set forth below.

     *i.    M. G. Neans*

11.     Continental Homes contracted with M.G. Neans Masonry, Inc. a/k/a Neans Masonry, Inc. ("Neans") to perform masonry work on the Cat Hollow Project. Neans procured the following policies adding Continental Homes as an additional insured:

- Scottsdale issued Neans policy numbers CLS1000209, CLS1102353, CLS1226735, CLS1364382, CLS1483043, CLS1568981, CPS1188556, and CPS1364432, for the period April 14, 2004 to April 14, 2012 collectively;

- Evanston issued Neans policy number 3C50538-0 for the period April 14, 2012 to April 14, 2013; and

- Essex issued Neans policy numbers 3DN2730 and 3DQ7198 for the period April 14, 2013 to April 14, 2015 collectively.

     *ii.    Buffalo Framing*



---

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES         PAGE 4

12.     Continental Homes contracted with Buffalo Framing, Inc. ("Buffalo Framing") to perform framing work on the Cat Hollow Project.   Buffalo Framing procured the following policies adding Continental Homes as an additional insured:

- Mid-Continent issued Buffalo Framing policy numbers 04GL543667, 04GL 585897, 04GL626813, and 04GL 669329 for the period April 4, 2004 to April 4, 2008 collectively, and policy number  04GL000817664 for the period April 4, 2011 to April 4, 2012.    On information and belief, Mid-Continent also issued policies to Buffalo Framing for the period April 4, 2008 to April 4, 2011 and April 4, 2012 to April 4, 2015.

13.     All of the carriers identified above will be collectively referred to as the "Subcontractor Carriers." All of the policies will be collectively referred to as the "Subcontractor Policies."

**C.     *Cat Hollow Litigation***

14.     In 2014, the Cat Hollow Community, Inc. (the "Association") filed a lawsuit against Continental Homes in Texas state court, styled *Cat Hollow Community, Inc. v. Continental Homes of Texas, L.P., et al.*, cause no. 14-1046-C26, on file in the 26th Judicial District Court, Williamson County, Texas, and the court subsequently compelled the lawsuit to arbitration ("*Cat Hollow* Litigation"). In its Original Petition, the Association alleges that the Cat Hollow Project contains a number of construction defects resulting in damage to property. The Association asserts causes of action against Continental Homes for negligence, negligence *per se*, negligent hiring/retention/ supervision, breach of implied warranty, breach of fiduciary duty, negligent misrepresentation, and for violations of the Deceptive Trade Practices Act.

15.     Throughout its pleading, the Association complains of the work of Continental Homes' subcontractors with respect to the alleged defective components and resulting damage. Continental Homes filed a third-party petition in which Continental Homes brought breach of

contract and contractual indemnity causes of action against Neans and Buffalo Framing as the entities that performed the work alleged by the Association to be defective.

**D.      Tender of the *Cat Hollow* Litigation**

16.      Continental Homes timely tendered the *Cat Hollow* Litigation to each of the Subcontractor Carriers, requesting that they acknowledge Continental Homes' status as an additional insured on their respective policies.      Scottsdale, Evanston and Essex all denied Continental Home's request for AI coverage.   To date, Continental Homes has yet to receive any response or even acknowledgement of the claim from Mid-Continent.   The end result is that, despite the request that the Subcontractor Carriers acknowledge Continental Homes' clearly-owed status as an additional insured and the rights and obligations flowing therefrom, none of the Subcontractor Carriers have agreed to defend Continental Homes in the *Cat Hollow* Litigation or indemnify Continental Homes for any subsequent settlement or judgment that may be entered.

**V.**
**CAUSES OF ACTION**

17.      Continental Homes incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

**A.      Declaratory Judgment**

18.      Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Continental Homes requests that the Court declare the parties' rights and obligations under the Subcontractor Policies. Specifically, Continental Homes seeks a declaration that:

   a.   Continental Homes is an additional insured under each of the Subcontractor Policies with respect to the *Cat Hollow* Litigation;



b.  Each of the Subcontractor Carriers owes a full and complete defense to Continental Homes for the *Cat Hollow* Litigation;

c.  Each of the Subcontractor Carriers must reimburse Continental Homes for attorneys' fees, costs, and expenses Continental Homes has incurred in defending the *Cat Hollow* Litigation; and

d.  The Subcontractor Carriers owe Continental Homes complete indemnity under the Subcontractor Policies for any settlement or judgment that may be entered in the *Cat Hollow* Litigation.

19.     Continental Homes is entitled to receive its costs and reasonable and necessary attorneys' fees and expenses it incurred prosecuting this lawsuit. *See* TEX.CIV.PRAC. & REM.CODE §37.009.

**B.     Breach of Contract**

20.     Per the Subcontractor Policies, each of the Subcontractor Carriers is obligated to provide a defense to Continental Homes for the *Cat Hollow* Litigation and to reimburse Continental Homes for amounts Continental Homes has incurred in defending the *Cat Hollow* Litigation. Continental Homes made timely demand on the Subcontractor Carriers to defend and indemnify it in the *Cat Hollow* Litigation.

21.     By refusing to defend Continental Homes and by refusing to reimburse Continental Homes for amounts previously incurred in defending the *Cat Hollow* Litigation, the Subcontractor Carriers breached each of their respective contracts.

22.     Continental Homes suffered actual and consequential damages resulting from the breach.

23.     Continental Homes specifically alleges that the Subcontractor Policies at issue unambiguously obligate the Subcontractor Carriers to defend and indemnify Continental Homes

in the *Cat Hollow* Litigation, or, alternatively, that the Subcontractor Policies are ambiguous and all ambiguities are resolved in favor of coverage.

24.     Continental Homes is entitled to receive its costs and reasonable and necessary attorneys' fees and expenses it incurred prosecuting this lawsuit. *See* TEX.CIV.PRAC. & REM.CODE §38.001.

**C.     Insurance Code Claims**

     *i. Prompt Pay Statute*

25.     The Subcontractor Carriers violated TEX.INS.CODE §542.051 *et seq.* by failing to timely reimburse Continental Homes for amounts Continental Homes incurred in defending the *Cat Hollow* Litigation. Accordingly, Continental Homes is entitled under TEX.INS.CODE §542.060 to recover, in addition to defense fees, costs, and expenses owed in connection with the *Cat Hollow* Litigation, a statutory 18% penalty, and its costs and reasonable and necessary attorneys' fees and expenses it incurred prosecuting this lawsuit.

     *ii. Unfair Method of Competition and Unfair or Deceptive Acts*

26.     The Subcontractor Carriers violated TEX.INS.CODE §541.060(a)(2)(A) and §541.060(a)(7) because they refused and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability had become reasonably clear and by "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."

27.     In their handling of the *Cat Hollow* Litigation claim, the Subcontractor Carriers failed "to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." TEX.INS.CODE §541.060(a)(3).

28.     The Subcontractor Carriers violated the Texas Insurance Code by failing to "affirm or deny coverage of a claim to a policyholder" within a reasonable time. TEX.INS.CODE §541.060(a)(4)(A).

29.     The Subcontractor Carriers' conduct caused, and continues to cause, Continental Homes injury and Continental Homes is entitled to damages within the jurisdictional limits of this Court, as well as costs and reasonable and necessary attorneys' fees and expenses it incurred prosecuting this lawsuit pursuant to TEX.INS.CODE §§541.151 and 541.152. The Subcontractor Carriers' violations were committed knowingly thereby entitling Continental Homes to a trebling of its actual damages. TEX.INS.CODE §541.152.

## VI.
## CONDITIONS PRECEDENT

30.     Continental Homes has fully performed any and all applicable conditions precedent to full recovery in this lawsuit.

## VII.
## DAMAGES

31.     As damages, Continental Homes seeks:

(1)     Actual and consequential damages suffered as a result of the breaches of contract by the Subcontractor Carriers in failing to defend Continental Homes in the *Cat Hollow* Litigation;

(2)     Statutory interest of 18% pursuant to TEX.INS.CODE §542.051, *et seq.*;

(3)     Actual damages, treble damages, and penalties pursuant to TEX.INS.CODE §541.060, §541.151, and §541.152; and

(4)     Its costs, expenses, and reasonable attorneys' fees pursuant to TEX.CIV.PRAC. & REM.CODE §37.009 and §38.001, and TEX.INS.CODE §542.060 and §541.152.

## REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Continental Homes requests that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## PRAYER

WHEREFORE, Plaintiff Continental Homes of Texas, L.P. requests this Court to grant the declaratory relief requested above and award Continental Homes its actual, consequential, statutory, and treble damages, court costs, reasonable and necessary attorneys' fees and expenses, and pre-judgment and post-judgment interest, and other and further relief to which Continental Homes may be justly entitled.

Respectfully submitted,

Blake S. Evans
State Bar No. 06706950
E-Mail: bevans@schubertevans.com
David J. Schubert
State Bar No. 17820800
E-Mail: dschubert@schubertevans.com
Stephen Burnett
State Bar No. 24006931
E-Mail: sburnett@schubertevans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone:  (214) 744-4400
Facsimile:  (214) 744-4403



**ATTORNEYS FOR PLAINTIFF**
**CONTINENTAL HOMES OF TEXAS, L.P.**

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED Continental Homes of Texas, L.P. v. Mid-Continent Casualty Company, et al.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Blake S. Evans<br><br>**Address:** 900 Jackson St., Suite 630<br><br>**City/State/Zip:** Dallas, TX 75202<br><br>**Signature:** /s/ Blake S. Evans | **Email:** bevans@schubertevans.com<br><br>**Telephone:** (214) 744-4400<br><br>**Fax:** (214) 744-4403<br><br>**State Bar No:** 06706950 | **Plaintiff(s)/Petitioner(s):** Continental Homes of Texas, L.P.<br><br>**Defendant(s)/Respondent(s):** Mid-Continent Casualty Company<br><br>Essex Insurance Company<br><br>Evanston Insurance Company<br><br>*[Attach additional page as necessary to list all parties]* | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>**Additional Parties in Child Support Case:**<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☒ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**

- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

**Real Property**

- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**

- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Family Law**

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property

- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action

- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment

- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13

Additional Defendants:

SCOTTSDALE INSURANCE COMPANY



CAUSE NO. **D-1-GN-16-000746**

| | | |
|---|---|---|
| CONTINENTAL HOMES OF TEXAS, L.P., | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ESSEX INSURANCE COMPANY, | § | **353rd**  JUDICIAL DISTRICT |
| EVANSTON INSURANCE COMPANY, | § | |
| MID-CONTINENT CASUALTY COMPANY, and | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
|     Defendants. | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO ALL DEFENDANTS

To:     Defendant Essex Insurance Company, by and through its registered agent by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas, 78701 and the Commissioner can then forward process to 4521 Highwoods Parkway, Glen Allen, VA 23060-6148;

    Defendant Evanston Insurance Company, by and through its registered agent by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas, 78701 and the Commissioner can then forward process to 10  Parkway North, Deerfield, IL 60015;

    Defendant Mid-Continent Casualty Company, by and through its registered agent, Margaret A. Bounds at 3100 South Gessner Road, Suite 600, Houston, Texas 77063-3767;

    Defendant Scottsdale Insurance Company, by and through its registered agent by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701 and the Commissioner can then forward process to 8877 N. Gainey Center Drive, Scottsdale, AZ 85258.

    You are hereby requested, pursuant to Rules 192 and 196 of the Texas Rules of Civil Procedure, to produce and permit the inspection and copying of the documents or things described below within the possession, constructive possession, custody, or control of you or your attorneys. Such documents shall be produced for inspection and copying at the offices of Schubert & Evans, P.C., 900 Jackson, Suite 630, Dallas, Texas 75202 within fifty (50) days after the date of service hereof.

Please be advised that you are required to supplement your responses pursuant to Texas Rule of Civil Procedure 193.5.

## DEFINITIONS

1.     The terms "You," "Your," or "Responding Carrier" as used in these Requests for Production shall mean and refer to the Defendant that is responding to these Requests for Production, and all of its parent companies, subsidiaries, divisions, business units, affiliated companies, successors, and assignees, and all of their current or former agents, associates, employees, attorneys, partners, managers, directors, principals, accountants, insurers, officers, representatives, and anyone acting on their behalf.

2.     The term "Plaintiff" or "Continental Homes" as used in these Requests for Production shall mean and refer to Continental Homes of Texas, L.P., and all of its parent companies, subsidiaries, divisions, business units, affiliated companies, successors, and assignees, and all of their current or former agents, associates, employees, attorneys, partners, managers, directors, principals, accountants, officers, representatives, and anyone acting on their behalf.

3.     The term "Cat Hollow Subcontractor(s)," in the singular or plural depending on the context, as used in these Requests for Production shall mean and refer to (1) Buffalo Framing, Inc. and (2) M.G. Neans Masonry, Inc. a/k/a Neans Masonry, Inc. and all of their parent companies, subsidiaries, divisions, business units, affiliated companies, successors, and assignees, and all of their current or former agents, associates, employees, attorneys, partners, managers, directors, principals, accountants, officers, representatives, and anyone acting on their behalf.

4.     The term "document(s)" as used in these Requests for Production has the broadest meaning accorded it by Texas Rule of Civil Procedure 192.3(b) and shall mean, refer to, and be deemed to include any and all documents, things, or information including papers; books; accounts; drawings; graphs; charts; photographs; electronic or videotape recordings; electronic data and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable form; correspondence; information kept or stored in any fashion whatsoever on computer hard drives, diskettes, tapes, or other storage devices; letters; memoranda; notes; telephone messages; text or instant messages; emails; notes of or relating to telephone communications; diaries; calendars; minutes, notes, or records of meetings; minutes, notes, or records of conferences; lists of persons attending meetings or conferences; reports and/or summaries of interviews, investigations, or negotiations; opinions; brochures; pamphlets; advertisements; schedules; organizational charts; circulars; press releases; mailing lists; ledgers; journals; books of account; financial statements; articles of incorporation; resolutions; by-laws; trust instruments; stock certificates; backups of any of the aforementioned items (including but not limited to tape backups, backup diskettes, compressed backups, or the like); drafts and revisions of drafts of any of the aforementioned documents; original preliminary notes concerning drafts of any documents described herein; and any other tangible or intangible things that constitute or

contain matters relevant to the subject matter herein. The term "document(s)" means both the originals and non-identical copies thereof.

5.      The term "Responding Carrier Policy(ies)," in the singular or plural depending on the context, as used in these Requests for Production shall mean and refer to each and every liability policy the Responding Carrier issued to any Cat Hollow Subcontractor since July 1, 2003.

6.      The term "*Cat Hollow* Litigation" as used in these Requests for Production shall mean and refer to *Cat Hollow Community, Inc. v. Continental Homes of Texas, L.P.; CHTex of Texas, Inc., and D.R. Horton, Inc.* on file in the 26th Judicial District Court of Williamson County, Texas as Cause No. 14-1046-C26, and which was subsequently compelled to arbitration.

## REQUESTS FOR PRODUCTION

Please produce true and correct copies of the following:

**REQUEST FOR PRODUCTION NO. 1:**

Complete, certified copies of every insurance policy containing liability coverage that You issued to any Cat Hollow Subcontractor(s) since July 1, 2003.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Documents, including but not limited to correspondence and email communications, reflecting, referencing or relating to (1) Your coverage position with respect to whether You owe defense or indemnity coverage to Continental Homes for the *Cat Hollow* Litigation under any Responding Carrier Policy(ies) and (2) every policy provision, exclusion, condition, or endorsement that serves as a basis for Your coverage position.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Documents, including but not limited to correspondence and email communications, reflecting, referencing or relating to (1) Your coverage position with respect to whether You owe defense or indemnity coverage to any Cat Hollow Subcontractor(s) for the *Cat Hollow* Litigation under any Responding Carrier Policy(ies) and (2) every policy provision, exclusion, condition, or endorsement that serves as a basis for Your coverage position.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Documents reflecting, referencing, or relating to Continental Homes' tender of its claim for additional insured coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Documents reflecting, referencing, or relating to each and every Cat Hollow Subcontractor(s)' tender of their claim for coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Documents and correspondence between (1) You and (2) Continental Homes reflecting, referencing, or relating to notice for any claims under any Responding Carrier Policy(ies) that pertain to the *Cat Hollow* Litigation, including, but not limited to, Your response to such claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Documents and correspondence between (1) You and (2) any Cat Hollow Subcontractor(s) reflecting, referencing, or relating to notice for any claims under any Responding Carrier Policy(ies) that pertain to the *Cat Hollow* Litigation, including, but not limited to, Your response to such claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Documents reflecting, referencing, or relating to how You interpret any additional insured endorsement or additional insured provision contained within or attached to any Responding Carrier Policy(ies). This request encompasses and includes, but is not limited to, claims manuals, training manuals, guidelines, directives, and company policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Documents reflecting, referencing, or relating to guidelines, procedures, or strategies demonstrating how You adjust, handle, or respond to claims for additional insured coverage under any additional insured endorsement or additional insured provision contained within or attached to any Responding Carrier Policy(ies).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Documents reflecting, referencing, or relating to how You interpret any endorsement or provision contained within or attached to any Responding Carrier Policy(ies) that serves as a basis for Your refusal, if any, to provide coverage to Continental Homes for the *Cat Hollow* Litigation. This request encompasses and includes, but is not limited to, claims manuals, training manuals, guidelines, directives, and company policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Documents reflecting, referencing, or relating to how You interpret any endorsement or provision contained within or attached to any Responding Carrier Policy(ies) that serves as a basis for Your refusal, if any, to provide coverage to any Cat Hollow Subcontractor(s) for the *Cat Hollow* Litigation. This request encompasses and includes, but is not limited to, claims manuals, training manuals, guidelines, directives, and company policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Documents and correspondence between (1) You and (2) Continental Homes reflecting, referencing, or relating to the *Cat Hollow* Litigation or any claim for insurance coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Documents and correspondence between (1) You and (2) any Cat Hollow Subcontractor(s) reflecting, referencing, or relating to the *Cat Hollow* Litigation or any claim for insurance coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Documents and correspondence between (1) You and (2) Continental Homes reflecting, referencing, or relating to the Responding Carrier Policy(ies).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Documents and correspondence between (1) You and (2) any Cat Hollow Subcontractor(s) reflecting, referencing, or relating to any construction defect claims tendered to or handled under the Responding Carrier Policy(ies).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Documents and correspondence between (1) You and (2) anyone other than Continental Homes or any Cat Hollow Subcontractor(s) reflecting, referencing, or relating to the *Cat Hollow* Litigation or any claim for insurance coverage for the *Cat Hollow* Litigation.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**

Documents and correspondence between (1) You and (2) anyone other than Continental Homes or any Cat Hollow Subcontractor(s) reflecting, referencing, or relating to any construction defect claims tendered to or handled under any Responding Carrier Policy(ies).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**

Documents reflecting, referencing, or relating to Continental Homes or to any other claims for AI coverage Continental Homes has made under any Responding Carrier Policy(ies).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**

Documents reflecting, referencing, or relating to any Cat Hollow Subcontractor(s) with respect to any claim or lawsuit involving Continental Homes or any construction project in which the Cat Hollow Subcontractor(s) were hired or retained by Continental Homes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Your claim file(s) in connection with the Continental Homes' claim for additional insured coverage for the *Cat Hollow* Litigation.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**

Your claim file(s) in connection with any Cat Hollow Subcontractor(s)' claim for coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Your complete underwriting file in connection with the Responding Carrier Policy(ies).

**RESPONSE:**

Respectfully submitted,

Blake S. Evans
State Bar No. 06706950
E-Mail:  bevans@schubertevans.com
David J. Schubert
State Bar No. 17820800
E-Mail:  dschubert@schubertevans.com
Stephen Burnett
State Bar No. 24006931
E-Mail: sburnett@schubertevans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas  75202
Telephone:  (214) 744-4400
Facsimile:  (214) 744-4403

**ATTORNEYS FOR PLAINTIFF**
**CONTINENTAL HOMES OF TEXAS, L.P.**

CAUSE NO. **D-1-GN-16-000746**

| | | |
|---|---|---|
| CONTINENTAL HOMES OF TEXAS, L.P., | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ESSEX INSURANCE COMPANY, | § | **353rd**  JUDICIAL DISTRICT |
| EVANSTON INSURANCE COMPANY, | § | |
| MID-CONTINENT CASUALTY COMPANY, and | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
|     Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

To:    Defendant Essex Insurance Company, by and through its registered agent by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas, 78701 and the Commissioner can then forward process to 4521 Highwoods Parkway, Glen Allen, VA 23060-6148 ;

Defendant Evanston Insurance Company, by and through its registered agent by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas, 78701 and the Commissioner can then forward process to 10  Parkway North, Deerfield, IL 60015;

Defendant Mid-Continent Casualty Company, by and through its registered agent, Margaret A. Bounds at 3100 South Gessner Road, Suite 600, Houston, Texas 77063-3767; and

Defendant Scottsdale Insurance Company, by and through its registered agent by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701 and the Commissioner can then forward process to 8877 N. Gainey Center Drive, Scottsdale, AZ 85258.

Plaintiff Continental Homes of Texas, L.P. propounds the following interrogatories  and requests that the answers include all of the information called for by each of these interrogatories. These interrogatories are propounded pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure and shall be answered separately, fully in writing, and under oath. Your answers shall be delivered to Plaintiff's attorneys of record  at the offices of Schubert & Evans, P.C., 900 Jackson, Suite 630, Dallas, Texas 75202 within fifty (50) days after

---

the date of service hereof.

Please be advised that you are required to supplement your responses pursuant to Texas Rule of Civil Procedure 193.5.

## DEFINITIONS

1.     "You," "Your," or "Responding Carrier" as used in these Interrogatories shall mean and refer to the Defendant that is responding to these Interrogatories, and all of its parent companies, subsidiaries, divisions, business units, affiliated companies, successors, and assignees, and all of their current or former agents, associates, employees, attorneys, partners, managers, directors, principals, accountants, insurers, officers, representatives, and anyone acting on their behalf.

2.     The term "Plaintiff" or "Continental Homes" as used in these Interrogatories shall mean and refer to Continental Homes of Texas, LP., and all of its parent companies, subsidiaries, divisions, business units, affiliated companies, successors, and assignees, and all of their current or former agents, associates, employees, attorneys, partners, managers, directors, principals, accountants, officers, representatives, and anyone acting on their behalf.

3.     The term "Cat Hollow Subcontractor(s)," in the singular or plural depending on the context, as used in these Interrogatories shall mean and refer to (1) Buffalo Framing, Inc. and (2) M.G. Neans Masonry, Inc. a/k/a Neans Masonry, Inc. and all of their parent companies, subsidiaries, divisions, business units, affiliated companies, successors, and assignees, and all of their current or former agents, associates, employees, attorneys, partners, managers, directors, principals, accountants, officers, representatives, and anyone acting on their behalf.

4.     The term "Responding Carrier Policy(ies)," in the singular or plural depending on the context, as used in these Interrogatories shall mean and refer to each and every liability policy the Responding Carrier issued to any Cat Hollow Subcontractor(s) since July 1, 2003.

5.     The term "*Cat Hollow* Litigation" as used in these Interrogatories shall mean and refer to *Cat Hollow Community, Inc. v. Continental Homes of Texas, L.P.; CHTex of Texas, Inc., and D.R. Horton, Inc.* on file in the 26th Judicial District Court of Williamson County, Texas as Cause No. 14-1046-C26, and which was subsequently compelled to arbitration.



---

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the person(s) responding to these Interrogatories, including, but not limited to, each and every person who furnished any information used in responding to these Interrogatories or who in any way was consulted, was involved, or assisted in answering these Interrogatories, by providing the full name, age, business or occupation, job duties, business address, and telephone number of the person(s).

### RESPONSE:

### INTERROGATORY NO. 2:

Explain Your position as to whether You owe defense or indemnity to Continental Homes for the *Cat Hollow* Litigation under any Responding Carrier Policy(ies). Your answer should include, but not be limited to:

    (a)      a discussion of every policy provision, exclusion, condition, or endorsement that serves as a basis for Your coverage position;

    (b)      what information or documents served as the basis for Your decision, if any, not to provide defense or indemnity to Continental Homes for the *Cat Hollow* Litigation;

    (c)      when Your decision was made;

    (d)      who made the decision; and

    (e)      how and when the decision was communicated to Continental Homes.

### RESPONSE:

### INTERROGATORY NO. 3:

Explain Your position as to whether You owe defense or indemnity to any Cat Hollow Subcontractor(s) for the *Cat Hollow* Litigation under any Responding Carrier Policy(ies). Your answer should include, but not be limited to:

    (a)      a discussion of every policy provision, exclusion, condition, or endorsement that serves as a basis for Your coverage position;

    (b)      what information or documents served as the basis for Your decision, if any, not to provide defense or indemnity to any Cat Hollow Subcontractor(s) for the *Cat Hollow* Litigation;

     (c)     when Your decision was made;

     (d)     who made the decision; and

     (e)     how and when the decision was communicated to any Cat Hollow Subcontractor(s).

**RESPONSE:**

**INTERROGATORY NO. 4:**

State the date upon which You contend You received tender of Continental Homes' demand for additional insured coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Describe any training, instruction, policies, or procedures that employees and representatives of the Responding Carrier receive (1) in connection with the interpretation and application of the additional insured endorsements or provisions contained within or attached to any Responding Carrier Policy(ies) and (2) in connection with adjusting, handling, and responding to claims for additional insured coverage under said endorsements or provisions.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Describe any training, instruction, policies, or procedures that employees and representatives of the Responding Carrier receive (1) in connection with the interpretation and application of any endorsement or provision that serves as a basis for Your refusal, if any, to provide coverage to Continental Homes for the *Cat Hollow* Litigation and (2) in connection with adjusting, handling, and responding to claims for coverage under said endorsements or provisions.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Describe any training, instruction, policies, or procedures that employees and representatives of the Responding Carrier receive (1) in connection with the interpretation and application of any endorsement or provision that serves as a basis for Your refusal, if any, to provide coverage to

---

any Cat Hollow Subcontractor(s) for the *Cat Hollow* Litigation and (2) in connection with adjusting, handling, and responding to claims for coverage under said endorsements or provisions.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Identify the adjuster(s) and/or any supervisors or managerial personnel assigned to Continental Homes' claim for additional insured coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify the adjuster(s) and/or any supervisors or managerial personnel assigned to any Cat Hollow Subcontractor(s)' claim for coverage for the *Cat Hollow* Litigation.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify all persons You intend to call to testify at trial and provide each person's position, job title, address, and phone number.

**RESPONSE:**



Respectfully submitted,



Blake S. Evans
State Bar No. 06706950
E-Mail:  bevans@schubertevans.com
David J. Schubert
State Bar No. 17820800
E-Mail:  dschubert@schubertevans.com
Stephen Burnett
State Bar No. 24006931
E-Mail:  sburnett@schubertevans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas  75202
Telephone:  (214) 744-4400
Facsimile:   (214) 744-4403

**ATTORNEYS FOR PLAINTIFF**
**CONTINENTAL HOMES OF TEXAS, L.P.**





**VELVA L. PRICE**

District Clerk, Travis County

Civil Division (512) 854-9457

# SERVICE REQUEST FORM

## REQUESTED BY:

| | | |
|---|---|---|
| **ATTORNEY/FILER:** Blake S. Evans | **SUBMITTED BY:** Charlotte Ramsey | |
| **PHONE #:** 214-744-4400 | **TITLE:** Office Administrator | |
| **EMAIL:** cramsey@schubertevans.com | **SIGNATURE:** Charlotte Ramsey  Digitally signed by Charlotte Ramsey Date: 2016.02.19 15:47:19 -06'00' | |

## ISSUE PROCESS FOR:

**CAUSE #:**         **CASE STYLE:** Continental Homes of Texas, L.P. v. Mid-Continent Casualty Company, et al.

## QUICK CITATION REQUEST: (FOR SERVICE OF CITATION ON ALL DEFENDANTS BY PERSONAL)

ISSUE CITATION TO ALL DEFENDANTS LISTED IN THE ORIGINAL PETITION AT THE ADDRESS SPECIFIED IN THE PETITION AND FORWARD THE CITATION(S) TO THE FOLLOWING:

☐TRAVIS CO. CONSTABLE (specify):         ☐CERTIFIED MAIL BY CLERK   ■ATTORNEY/REQUESTER

☐PRIVATE PROCESS AGENCY (specify):       ■ I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. DISCOVERY) TO INCLUDE

## DETAILED SERVICE REQUEST: (ON PARTICULAR PARTIES, BY VARIOUS DELIVERY METHODS, OR FOR NON-CITATION)

**DESRIPTION OF INSTRUMENT(S) TO BE SERVED:**

☐I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. discovery) TO INCLUDE IN THE CITATION

| TYPE OF PROCESS TO ISSUE: | ☐CITATION ☐CERTIFIED NOTICE ☐PROTECTIVE ORDER* ☐TRO*^ ☐INJUNCTION*^ ☐SEQUESTRATION*^ ☐ATTACHMENT* ☐EXECUTION* ☐ABSTRACT* ☐SUPERSEDEAS^ ☐SCIRE FACIAS* ☐OTHER^ |
|---|---|
| *SPECIFY TITLE AND DATE OF UNDERLYING ORDER IN CASE RECORD: | ^ATTACH A COPY OF BOND AND/OR OTHER SUPPORTING DOCUMENT |

## SERVICE TO BE ISSUED:

| PARTY NAME: | EMAIL PROCESS TO: | SERVE VIA: |
|---|---|---|
| **PARTY TYPE:** | ☐TRAVIS CO. CONSTABLE | ☐PERSONAL SERVICE |
| | ☐ATTORNEY/REQUESTOR | ☐CERTIFIED MAIL (BY CONSTABLE) |
| | ☐PRIVATE PROCESS AGENCY: | ☐CERTIFIED MAIL (BY CLERK) |
| ☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE | Process Agency Name: | ☐CITATION BY POSTING* |
| ☐OTHER ADDRESS: | | ☐CITATION BY PUBLICATION* |
| PARTY NAME: | EMAIL PROCESS TO: | SERVE VIA: |
| **PARTY TYPE:** | ☐TRAVIS CO. CONSTABLE | ☐PERSONAL SERVICE |
| | ☐ATTORNEY/REQUESTOR | ☐CERTIFIED MAIL (BY CONSTABLE) |
| | ☐PRIVATE PROCESS AGENCY: | ☐CERTIFIED MAIL (BY CLERK) |
| ☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE | Process Agency Name: | ☐CITATION BY POSTING* |
| ☐OTHER ADDRESS: | | ☐CITATION BY PUBLICATION* |
| PARTY NAME: | EMAIL PROCESS TO: | SERVE VIA: |
| **PARTY TYPE:** | ☐TRAVIS CO. CONSTABLE | ☐PERSONAL SERVICE |
| | ☐ATTORNEY/REQUESTOR | ☐CERTIFIED MAIL (BY CONSTABLE) |
| | ☐PRIVATE PROCESS AGENCY: | ☐CERTIFIED MAIL (BY CLERK) |
| ☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE | Process Agency Name: | ☐CITATION BY POSTING* |
| ☐OTHER ADDRESS: | | ☐CITATION BY PUBLICATION* |

*THIS TYPE OF SERVICE MAY REQUIRE A COURT ORDER. ENTER DATE OF SERVICE ORDER IN CASE RECORD:

ADDITIONAL INSTRUCTIONS FOR CLERK OR FOR OFFICER SERVING PROCESS:

## FOR ADDITIONAL PARTIES TO BE SERVED, USE e-FILED PROCESS ISSUANCE REQUEST FORM ADDENDUM

Velva L. Price
District Clerk, Travis County
Civil Division (512) 854-9457

**SERVICE REQUEST FORM**

| Cause #: | Case Style: | |
|---|---|---|
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _____

VELVA L. PRICE
DISTRICT CLERK

By Deputy: *E.C.*

*This Type of Service may require a court order. Enter date of service order in case record.